IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GEIGER, et al.,** § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 6:21-CV-00145-ADA-DTG |
| § | |
| **RP ENTERTAINMENT, LLC, et al.,** § | |
| *Defendant,* § | |

**REPORT & RECOMMENDATION TO GRANT ORAL MOTION TO DISMISS**

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendants, RP Entertainment, LLC and Kileen 2007, LLC's oral motion to dismiss for failure to prosecute made at the pre-trial status conference hearing on November 12, 2025. After careful consideration of the arguments and the applicable law, the Court **RECOMMENDS** that the Court dismiss the plaintiffs' complaint for failure to prosecute his claims.

## I.    BACKGROUND

This case was originally filed in February 2021. Dkt. No. 1. The parties litigated the case for over a year and eventually filed a notice of settlement that requested a stay to finalize a settlement agreement. Dkt. No. 21. The Court then stayed the case for 45 days. Dkt. Nos. 22 & 23. On May 2, 2022, the parties filed a status report and requested a further extension of the stay, which was granted. Dkt. Nos. 28 & 29. In April and May of 2023, the parties moved for a

scheduling order and filed motions in limine. Dkt. Nos. 30, 31, 32, 33, & 34. Since that date, no activity occurred in the case.

On October 30, 2025, the Court set the above-captioned case for a pretrial conference to occur in person on November 12, 2025, at 2:00 p.m. Dkt. No. 35. At the scheduled time, counsel for the defendants appeared. Counsel for the plaintiff—Dennis C. Postiglione and Joseph N. Casas—failed to appear and failed to contact the Court regarding the hearing despite having active credentials in the Court's CM/ECF system. The defendant's counsel provided a history of the case and orally moved for a dismissal for want of prosecution. The defendant's counsel explained that he believed in 2022, the parties had reached a settlement, and the defendants were waiting for signed settlement documents from the plaintiff. See Dkt. No. 21 (Notice of Settlement). Since the notice of settlement was filed, the plaintiffs' counsel has filed a status report and proposed motions in limine. Dkt. Nos. 28 & 33. No filings have been made since 2023, and the defendant's counsel stated that he had not heard from the plaintiffs' counsel in over a year.

## II.     ANALYSIS

A district court has the inherent authority to dismiss a suit if the plaintiff fails to prosecute his claims. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). When the applicable statute of limitations would bar future litigation, the dismissal operates as a dismissal with prejudice. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)). A dismissal with prejudice is appropriate when there is a "clear record of delay . . . by the plaintiff" and no lesser sanctions available to prompt diligent prosecution. *Campbell v. Wilkinson*, 988 F.3d

798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

No filings have been made since in this case since 2023 and the defendants' counsel has not heard from the plaintiffs' counsel in over a year. Additionally, the plaintiffs' counsel failed to appear for or otherwise contact the Court about the ordered pretrial conference. This shows a clear record of delay by the plaintiff. Therefore, the undersigned **RECOMMENDS** that the Court dismiss the plaintiff's complaint for failure to prosecute.

### III.     RECOMMENDATION

Based on the foregoing, the lack of any filings or activity since 2023, and the plaintiffs' counsel's failure to appear for the status conference, the undersigned **RECOMMENDS** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

### IV.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 17th day of November, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE